(89 App. Div. 421.)

SANDERS v. SAXTON et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. TAXATION—LANDS—ASSESSMENT.

Under a statute requiring that the names of the taxable inhabitants and their lands be set down in the assessment roll in a prescribed manner, and that the lands of nonresidents shall be designated in the same assessment roll, but in a part thereof separate from the other assessments, in another prescribed manner, the assessment of unoccupied land belonging to a nonresident in the resident portion of the roll, with the letters "N. R." set down between the name of the owner and the entry of the land, to designate that the land was nonresident, did not constitute a compliance with the statute, and was void.

2. SAME—CURATIVE ACTS—APPLICATION.

Laws 1855, p. 793, c. 427, as amended by Laws 1885, p. 758, c. 448, legalizing and confirming taxes assessed on lands of nonresidents in the towns of Kings county, whether such lands were entered in the several assessment rolls separately as the lands of nonresidents or otherwise,

operated only to validate taxes which were levied in form on nonresident lands, whether assessed in the resident or nonresident part of the roll, but did not validate taxes not purporting to be assessed on the land, but only against the individual owners.

3. SAME—CONVEYANCES—EFFECT.

Acts 1855, § 65 (Laws 1855, p. 793, c. 427), as amended by Laws 1885, p. 758, c. 448, and made applicable to Kings county by Laws 1891, p. 411, c. 217, providing that all comptroller's conveyances of lands sold for taxes heretofore executed, after having been recorded for two years in the office of the county clerk where the land is situated, shall, after six months after the act takes effect, be conclusive evidence that the sale and all proceedings thereunder, from and including the assessment of the land, etc., were regular, and all other conveyances or certificates issued by the comptroller shall be conclusive evidence thereof after the expiration of two years from the recording thereof, applies only to conveyances of land assessed as nonresident, and has no application to a sale of land, though owned by a nonresident, which was assessed in the resident list.

Appeal from Special Term, Kings County.

Action by Joshua C. Sanders against Charles T. Saxton and others. From a judgment in favor of plaintiff (73 N. Y. Supp. 1095) defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John Cunneen (Sanford T. Church, on the brief), for appellants.

Robert Goeller (Joshua C. Sanders, in pro. per., on the brief), for respondent.

JENKS, J.   I am for affirmance, upon the opinion of Gaynor, J., who presided at the Special Term. And save upon a single point, no further comment seems necessary. The learned justice held that section 65 of the act of 1855 (Laws 1855, p. 793, c. 427), as amended by chapter 448, p. 758, of the Laws of 1885, and made applicable to Kings county by chapter 217, p. 411, of the Laws of 1891, did not apply to the case at bar, but that the conveyances referred to in the statute are those of lands assessed as nonresident. The Attorney General contends that this view is erroneous. But the Court of Appeals has sustained the justice. Bennett v. Peck, 112 N. Y. 649, 20 N. E. 571.

The judgment should be affirmed, with costs. All concur.